UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL SUAREZ,

    Plaintiff,

v.                                                         Case No:   6:15-cv-1334-Orl-40TBS

WRH REALTY SERVICES, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Renewed Joint Motion for Approval of Settlement and Dismissal of this Action with Prejudice (Doc. 19).   The parties seek Court approval of their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim and an order of dismissal with prejudice.   I have examined the motion, including the parties' revised settlement agreement (Doc. 19-1), and the relevant case law.   For the reasons that follow, I respectfully recommend that the motion be **granted**.

### I. Background

From June 2012 to April 2015, Plaintiff Miguel Suarez was employed by Defendant WRH Realty Services, Inc., as a groundskeeper (Doc. 13, Nos. 2, 4).   His primary duties included maintenance work at several residential properties serviced by Defendant (Id., No. 4).   Plaintiff was paid $9.54 per hour (Id., No. 5).   He originally claimed that he worked approximately 3 hours of unpaid overtime per week (Id., No. 7).   In his answers to the Court's interrogatories, Plaintiff estimated that he was owed $5,151.60 in actual damages calculated as follows: 1.5 x $9.54 = $14.31 per overtime hour x 3 hours per week = $42.93 per week x 120 weeks = $5,151.60 (Id.).   Defendant answered, denying

all allegations of wrongdoing (Doc. 9). On November 25, 2015, the parties filed a joint stipulation for dismissal with prejudice (Doc. 14). The Court struck the joint stipulation because it was unclear whether Defendant settled with Plaintiff during the pendency of the litigation for the full value of his demand or if the parties determined that Plaintiff was not entitled to compensation for his FLSA claim (Doc. 15). The parties were directed to file a joint motion for approval of their proposed settlement for the Court's review in accordance with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). On December 18, 2015, the parties filed a motion seeking court approval of their compromise and settlement and dismissal of this action (Doc. 16). On December 28, 2015, I recommended that the motion be denied because the general release and confidentiality clause contained therein violated the principles of Lynn's Foods and its progeny (Doc. 18). The district judge has not ruled on my pending report and recommendation. On January 6, 2016, the parties filed a renewed motion for settlement in which they deleted the confidentiality provision and revised the release to limit it to Plaintiff's FLSA claims (Doc. 19). The parties' renewed motion is now before the Court.

## II. Legal Standard

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the

district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. See Rodrigues v. CNP of Sanctuary, LLC, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Lynn's Food, 679 F.2d at 1354. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354.

The nature of this lawsuit prompts the district court's review of the settlement agreements rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

### III. Discussion

#### A. General

Both parties are represented by attorneys who are experienced in litigating FLSA unpaid overtime claims (Doc. 19 at 4). They agree that before agreeing to settle, they exchanged documents and information regarding Plaintiff's claim and they engaged in productive settlement discussions (Id. at 1-2). The parties stipulate that this is a bona fide dispute which they have agreed to resolve to avoid the cost, time, expense and risk associated with further litigation (Id. at 3). The parties represent that the terms of their

settlement were negotiated at arms-length, and they believe their settlement is fair and reasonable (Id. at 3-4).   I have no reason to doubt these representations to the Court.

### B. Settlement Sum

Defendant has agreed to pay Plaintiff $1,200 for unpaid overtime compensation, an additional $1,200 in liquidated damages. (Doc. 19-1 at 2).   The parties state that after Plaintiff answered the Court's interrogatories there was further discovery, including evidence provided by Defendant that led Plaintiff to conclude "that his calculations were in error and that his unliquidated damages would be approximately $1,250.00." (Doc. 19 at 5).   Thus, Plaintiff has compromised both his original and recalculated claims.   Still, the parties assert that the settlement amount is fair, reasonable, and consistent with the spirit of Lynn's Food Stores (Id.).   Like most settlements, this one is driven by the facts and the parties are much better informed than the Court about the facts, and there are no badges of fraud or overreaching apparent in the determination of the settlement sum.  Therefore, I see no reason to question the parties' judgment and find that the settlement amount is fair and reasonable.

### C. Attorney's Fees

The parties represent that the attorney's fees and costs to be paid to Plaintiff's counsel is $3,500 which was negotiated separately from Plaintiff's recovery, and without regard to the amount of the settlement sum (Doc. 16 at 2).   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to their counsel.   See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### D. Revisions

On December 28, 2015, I recommended that the motion to approve settlement be denied because the general release and confidentiality clause contained therein violated the principles of Lynn's Foods and its progeny (Doc. 18). I noted that the parties' general release was unacceptable, primarily because it was not narrowly tailored to the wage claims asserted in the complaint, as explained in Monahan v. Rehoboth Hosp., Inc., No. 6:15-cv-1159-Orl-40KRS, slip op. at 2 (M.D. Fla. Dec. 18, 2015). In the revised settlement agreement, the parties edited the release provision so that it is now narrowly tailored to the wage claims asserted in the complaint (Doc. 19 at 3; Doc. 19-1 at 2). Also, the paragraph that prohibited the severance of the release (original paragraph 17) has been deleted.

The original settlement agreement also contained a confidentiality clause which I found to be unacceptable. I advised the parties that in this jurisdiction, confidentiality provisions are uniformly rejected because they contravene the purpose of the FLSA (Doc. 18 at 6). The offending confidentiality provision has been deleted from the revised settlement agreement.

### IV. Recommendation

Upon consideration of the parties' revised settlement agreement, I respectfully recommend that the renewed joint motion for approval of the FLSA settlement (Doc. 19) be **GRANTED** and the original motion for approval (Doc. 16) be **DENIED AS MOOT**. I further recommend that this action be **DISMISSED WITH PREJUDICE**.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  <u>See</u> 11th Cir. R. 3-1.

  **RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 15, 2016.

THOMAS B. SMITH<br>
United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record